# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| MATTHEW D. CLARK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-386-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [DE 28], filed by Plaintiff on April 3, 2017.

## I.   Procedural Background

On October 5, 2015, Plaintiff filed a Complaint with this Court seeking review of the Commissioner's decision denying her claim for disability insurance and supplemental security income benefits. On March 2, 2016, Plaintiff filed an opening brief outlining her arguments for remand. On January 3, 2017, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On April 3, 2017, Plaintiff filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). The Commissioner filed a response on April 13, 2017, and on April 19, 2016, Plaintiff field a reply, including a supplemental request for fees incurred in drafting the reply.

In the instant Motion, Plaintiff requests attorneys' fees for 65.2 total attorney hours and 3.44 paralegal hours. The Commissioner objects, arguing that Plaintiff failed to justify the rate requested

and failed to show that billed hours were reasonably expended.

**II.     Analysis**

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ; *Hallmark Constr.*, 200 F.3d at 1078-79.

By obtaining a remand, Plaintiff is considered a "prevailing party." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Further, there is no dispute that Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). The Commissioner does not argue that her position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The Commissioner's sole objection is to the amount of fees requested. Therefore, the only dispute is whether Plaintiff has met her burden of proving that both the hourly rate requested and the number of hours claimed are reasonable.

A.      Hourly Rate

Plaintiff requests payment for 62.7 attorney hours and 3.44 hours of paralegal time. In his reply, Plaintiff agrees with the Commissioner that it is appropriate to use the Midwest CPI rate to determine the appropriate cost of living increase, resulting in an hourly rate of $183.91, and the Court accepts this rate as including an appropriate cost of living adjustment. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). This leads to a fee request of $11,531.16 in attorney hours. The Commissioner does not object to the request of 3.44 hours of paralegal work at $100.00 per hour, for a total of $344.00.

B.      Reasonableness of Hours Expended

The Commissioner also argues that the number of hours billed, 62.7 hours of attorney time and 3.44 hours of paralegal time, are not reasonable. The Commissioner argues that the case was fairly routine and the issues were not complex or unusual, such that 52 hours to draft and review the opening brief is excessive. Plaintiff argues that the hours billed in this case are within the reasonable range of similar cases billed in the Seventh Circuit, and that this case was particularly complex because it had already gone through two rounds of administrative hearings and a previous district court decision.

A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley v. Ekerhart*, 461 U.S. 424, 434 (1983) (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The burden remains with Plaintiff to prove that the hours were "reasonably expended." *Hensley*, 461 U.S. at 437. Additionally, "'[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641

F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437.

Although the Commissioner is correct that the issues were not particularly novel, as Plaintiff argues, this case was somewhat more complex than similar cases because it had already gone through multiple rounds of review, with a substantial record. The time expended is on the high end but in line with typical hours expended the Seventh Circuit. *See Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (explaining that 40 to 60 hours is the standard range of attorney hours for Social Security litigation in the Seventh Circuit). Accordingly, the Court finds that it is reasonable to grant Plaintiff's fee request as to 62.7 attorney hours and 3.44 paralegal hours.

    C.    <u>Supplemental Request</u>

Plaintiff's attorney represents that she spent 2.5 hours drafting the reply brief. At the requested hourly rate of $183.91, this amounts to a supplemental fee request of $459.78. Accordingly, the supplemental request will be incorporated into Plaintiff's EAJA award.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28] and the supplemental fee request in her reply [DE 30] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $12,334.94 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and his attorney.

SO ORDERED this 26th day of April, 2017.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc: All counsel of record